IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN G. OTSYULA,                      Civil No. 05-1449-AA
                                                   OPINION AND ORDER

       Plaintiff,

   vs.

INTEL CORPORATION,

       Defendant.

---

John G. Otsyula
2515 SE Lake Road
Milwaukie, Oregon 97222
     Plaintiff appearing Pro Se

Sarah Ryan
Amy Campbell
Ball Janik LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204-3210
     Attorneys for defendant

AIKEN, Judge:

    Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or alternatively for a

Page 1 - OPINION AND ORDER

more definite statement of plaintiff's claims, or for an order quashing service because plaintiff failed to serve defendant in compliance with the Federal Rules of Civil Procedure. Defendant's alternative motion for more definite statement is granted.

## BACKGROUND

Plaintiff, a former Intel Corporation employee, was terminated effective December 31, 2004. On September 19, 2005, plaintiff, appearing pro se, filed a complaint in this court. On September 20, 2005, plaintiff mailed the Summons and Complaint to defendant via certified mail. The complaint, in its entirety, alleges as follows:

> I am filing a complaint for violation of Title VII of the Civil Rights Act. I was retaliated against for complaining about discriminatory acts in the workplace. The employer (Intel) retaliated against me with termination. As a result I lost approximately $15,000 in wages, incurred medical expenses, and suffered emotional damages.

Complaint, p. 1.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the

complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

DISCUSSION

Defendant moves to dismiss plaintiff's complaint alleging that it fails to state a claim for relief, or alternatively to make more definite and certain. Defendant's alternative motion, to make more definite and certain, is granted. To state a Title VII retaliation claim, plaintiff must allege that he was: (1) engaged in a protected activity; (2) subjected to an adverse employment action; and (3) that there was a casual link between the protected activity and adverse employment action. Morgan v. Nat'l RR Passenger Corp., 232 F.3d 1008, 1017 (9th Cir. 2000).

Here, plaintiff refers only to "Title VII" and his termination in "retaliation" for his complaint about "discriminatory acts." Complaint, p. 1. Even acknowledging Rule 12(b)(6) standards: liberally construing the complaint in plaintiff's favor and taking all allegations as true, plaintiff's complaint nonetheless fails to state sufficient allegations to form the basis of a Title VII claim. Plaintiff has failed to allege sufficient (or any) facts that he was engaged in a protected activity. Moreover, plaintiff fails to allege any facts to support a casual link between the alleged protected activity and the adverse employment action. This is not a

Page 3 - OPINION AND ORDER

situation where the court is criticizing pro se plaintiff's ignorance of technical procedural requirements, instead plaintiff's complaint fails to allege any facts whatsoever in support of the elements of his claim.

Therefore, given plaintiff's pro se status, defendant's alternative motion to require a more definite statement is granted. Plaintiff may file any amended complaint within twenty (20) days of the date of this Order pleading specific facts that give rise to his claim. Plaintiff should identify the alleged "discriminatory acts," the nature of the "discriminatory acts," the date and time of the "discriminatory acts," to whom plaintiff's complaint was made, and the facts that support the causal link between plaintiff's complaint and the adverse employment action. Failure to timely file and properly serve on the defendant an amended complaint containing these factual allegations will result in the dismissal of plaintiff's complaint.

## CONCLUSION

Defendant's motion to dismiss (doc. 4) is denied, with leave to renew. Defendant's alternative motion (doc. 4), pursuant to Fed. R. Civ. P. 12(e), requiring plaintiff to provide a more definite statement of his claim is granted. Plaintiff's requests for discovery (docs. 9, 19); defendant's motions for a protective order to stay discovery (doc. 10) and to lift the conferral

requirement (doc. 13) are denied with leave to renew.  Finally, defendant's request for oral argument is denied as unnecessary.

Plaintiff is allowed twenty (20) days from the date of this Order to file any Amended Complaint containing the specific factual allegations outlined above, and properly serve that Amended Complaint on the defendant.  Failure to do so will result in the court granting defendant's motion to dismiss and dismissing plaintiff's complaint.

IT IS SO ORDERED.

Dated this __13__ day of December 2005.


_/s/ Ann Aiken_
Ann Aiken
United States District Judge