FILED'06 MAR 01 10:10USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN G. OTSYULA,                            Civil No. 05-1449-AA
                                            OPINION AND ORDER

        Plaintiff,

    vs.

INTEL CORPORATION,

        Defendant.
_____

John G. Otsyula
2515 SE Lake Road
Milwaukie, Oregon 97222
    Plaintiff appearing Pro Se

Sarah Ryan
Amy Campbell
Ball Janik LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204-3210
    Attorneys for defendant

AIKEN, Judge:

    Defendant filed a renewed motion to dismiss pursuant to Fed.

R. Civ. P. 12(b)(6) for failure to state a claim. Defendant's

Page 1 - OPINION AND ORDER

motion is denied.

BACKGROUND

Plaintiff, a former Intel Corporation employee, was terminated effective December 31, 2004.  On September 19, 2005, plaintiff, appearing pro se, filed a complaint in this court.  On September 20, 2005, plaintiff mailed the Summons and Complaint to defendant via certified mail.  The complaint, in its entirety, alleged as follows:

> I am filing a complaint for violation of Title VII of the Civil Rights Act.  I was retaliated against for complaining about discriminatory acts in the workplace. The employer (Intel) retaliated against me with termination.  As a result I lost approximately $15,000 in wages, incurred medical expenses, and suffered emotional damages.

Complaint, p. 1.

Defendant filed a motion to dismiss, or alternatively a motion to make more definite and certain.  This court denied defendant's motion to dismiss with leave to renew, and granted defendant's alternate motion for more definite statement allowing plaintiff twenty days to file any amended complaint.  The court specified that plaintiff should "identify the alleged 'discriminatory acts,' the nature of the 'discriminatory acts,' and date and time of the 'discriminatory acts,' to whom plaintiff's complaint was made, and the facts that support the casual link between plaintiff's complaint and the adverse employment action."  Opinion and Order (Dec. 13, 2005), p. 4.

The court also ordered plaintiff to timely file and properly

serve on the defendant an amended complaint containing these

factual allegations, or be subject to dismissal. Id.

On December 27, 2005, plaintiff mailed to defendant's

counsel a copy of plaintiff's amended complaint. On December 29,

2005 (doc. 22), the court filed plaintiff's amended complaint.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to

state a claim is proper only when it appears to a certainty that

the plaintiffs can prove no set of facts in support of their

claim that would entitle them to relief. Litchfield v.

Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470

U.S. 1052 (1985). For the purpose of the motion to dismiss, the

complaint is liberally construed in favor of the plaintiffs, and

its allegations are taken as true. Rosen v. Walters, 719 F.2d

1422, 1424 (9th Cir. 1983).

## DISCUSSION

Defendant again moves to dismiss plaintiff's amended

complaint alleging that it fails to state a claim for relief. To

state a Title VII retaliation claim, plaintiff must allege that

he was: (1) engaged in a protected activity; (2) subjected to an

adverse employment action; and (3) that there was a casual link

between the protected activity and adverse employment action.

Morgan v. Nat'l RR Passenger Corp., 232 F.3d 1008, 1017 (9th Cir.

2000).

Plaintiff's amended complaint alleges that after plaintiff's
hire by the defendant in 2000 as a Facilities Technician II, in
March 2002, he was promoted to Facilities Technician III due to
his "outstanding work."  In April 2002, plaintiff's then-manager
announced plaintiff's promotion to Technician III at a team
meeting.  Plaintiff alleges that a fellow team member, Kay
Chapman, became angry at plaintiff's promotion and "alienated
plaintiff from the rest of the team."  Chapman then rated
plaintiff poorly.  Plaintiff alleges that his manager used
Chapman's "poor" rating to justify the "Below Expectation"
performance rating that plaintiff ultimately received prior to
termination.

In August 2002, plaintiff received a performance review
"which recognized his valued performance."  In October 2002,
plaintiff obtained his Masters degree in public administration,
specializing in environmental services.  Plaintiff approached his
manager about increasing his grade level based on his work
experience and education.  Despite the employer's "grade level
chart" ("U.S. Nonexempt Technical Leveling Criteria") which
supported a grade increase for plaintiff, management refused to
do so.

In January 2003, plaintiff joined the newly formed
Instrumentation team.  On February 21, 2003, "[d]uring a

discussion between plaintiff and Menard [the Instrumentation Team
Senior Technician] on instrument calibration, plaintiff suggested
that the procedure needed to be documented and standardized.
Menard responded by moving his chair to within two feet of
plaintiff's chair, shaking his finger in plaintiff's face, and
yelling at plaintiff, "This is tribal knowledge!  I don't want to
hear any more tribal knowledge!"

     In March 2003, plaintiff's manager changed his job and
removed him from "Instrument analyzers and assigned him to do
temperature analyzer."  Plaintiff alleges that the defendant
failed to provide adequate training for this change and "set him
up to fail."  Plaintiff then requested a promotion to Facilities
Technician IV, which was rejected due to a performance rating of
"Below Expectation" that plaintiff received from his manager
after his request for a promotion. Plaintiff alleges that his
"corporate services individual development plan" was reviewed
with his manager and "nearly every item was marked as 100%
completed, giving him an overall grade of 96%."  Plaintiff was
told that despite his overall rating of 96%, it was his "lack of
teamwork" that caused his "Below Expectation" rating.

     On April 6, 2003, plaintiff filed a complaint against his
manager with defendant's Human Resources Department regarding his
"Below Expectation" rating which plaintiff alleges he received

due to his race[1].   The Human Resources investigator dismissed the case.

On April 7, 2003, plaintiff's attorney wrote a formal letter to the defendant outlining plaintiff's various charges of discrimination "based on race and/or national origin."

In April 2003, plaintiff's services were critical to obtaining the ISO certification because ISO requires that a UPW Level III Technician be on the team to support analyzer instrumentation.  Plaintiff was the only member of the Instrumentation team who was a UPW Level III Technician.   "As soon as the ISO certification was completed, Kilian (team manager) removed the plaintiff from working with analyzers."

In July 2003, "plaintiff took a course on HVAC Level 2 instrument control certification through the employer's enterprise-wide training program.  The trainer was from a group unrelated to the Instrument team and had no previous experience with the plaintiff.  The plaintiff passed with a very high score. During this time period, the plaintiff was struggling to pass HVAC Level I instrument control certification from his co-workers because they refused to train him."

In August 2003, plaintiff applied for an engineering position.  Plaintiff was denied the position because Kilian had given him a "Below Expectations" rating and review.

---

[1] Plaintiff is of African descent, specifically from Kenya.

In September 2003, plaintiff appealed the Human Resources decision.  The case was investigated and again dismissed.

In October 2003, Kilian did not allow plaintiff to continue to work with Bruce Brines.  Plaintiff alleges that Ryan Menard, Instrumentation Team Supervisor, and Tina Menard, Instrumentation Team Engineer, asked Kilian's supervisor, Wayne Potter, to force Kilian to fire Bruce Brines.  Plaintiff alleges that Kilian gave Brines two quick written warnings and "forced him to quit for supporting the plaintiff."

In October 2003, during an Instrumentation team meeting, Kilian and team member, Pete Tenney, expressed that they planned to use "the good old boy network" to reorganize the team.

In December 2003, plaintiff was "put on medical leave by a doctor and psychologist due to the hostile working environment created by plaintiff's employer."  Plaintiff's doctor and psychologist "did not release [the plaintiff] to return to work unless the work environment improved and it had not improved at the time of termination."  Plaintiff alleges that the "employer's own psychiatrist" who examined plaintiff in August 2004, "agreed that the work environment could not be ruled out as contributing to the plaintiff's condition."

Finally, in December 2004, after not working for the defendant for one year, plaintiff was terminated.

Plaintiff alleges that he was one of three employees of

Page 7 - OPINION AND ORDER

"African descent" in a group of over 186 employees, and that plaintiff's "team senior technician" and coworkers subjected plaintiff to the terms "monkey" and "tribal knowledge" to intimidate and harass him.  Plaintiff alleges that these racial terms and statements directed at him by his manager and coworkers were evidence that the work environment was "not congenial" to him, and that "at least three team members had already demonstrated personal biases against him."  Finally, plaintiff alleges that the race discrimination complaint he filed with the Equal Opportunity Employment Commission (EEOC) resulting in the EEOC issuing a "right to sue letter," was a "motivating factor" in defendant's retaliation process, ultimately resulting in plaintiff's termination.

The court acknowledges Rule 12(b)(6)'s standards: to liberally construe the complaint in plaintiff's favor and take all allegations as true.  Given those standards, along with plaintiff's pro se status, plaintiff's amended complaint states sufficient allegations to form the basis of a Title VII race discrimination claim.

I find that plaintiff has alleged sufficient facts that he was engaged in a protected activity, and to support a casual link between the alleged protected activity and the adverse employment action. The court concedes that this complaint is perhaps not as well articulated as if plaintiff were represented by counsel,

however, it meets the minimum standards of Fed. R. Civ. P. 12(b) and states a claim for relief.

Regarding defendant's other arguments, I find that plaintiff's service of the amended complaint on defendant's counsel of record is sufficient. Plaintiff initially attempted to comply with Rule 4 when he sent by certified mail his original summons and complaint to an Intel employee located in California. There is no dispute that defendant and defendant's counsel received timely and actual notice of plaintiff's complaint. Further, in ordering plaintiff to properly serve "defendant" in the December 2005 Opinion and Order, the court intended that notice be accomplished by serving the amended complaint upon defendant's counsel. Defendant does not dispute receiving timely and actual notice of plaintiff's amended complaint, and the court finds no showing or evidence of prejudice or confusion by the defendant, therefore, the court declines to require pro se plaintiff to now technically comply with Rule 4 by also serving the defendant company with a copy of the amended complaint and summons. See generally, Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984)(pro se plaintiff's failure to comply with the personal service requirement under Rule 4 does not require dismissal of the complaint if (a) the party to be personally served received actual notice; (b) the defendant would suffer no prejudice from the defect in service; (c) there is justifiable

Page 9 - OPINION AND ORDER

excuse for the failure to serve properly; and (d) the plaintiff would be severely prejudiced if the complaint were dismissed).

Finally, regarding defendant's request to strike plaintiff's amended complaint because it has not been properly signed, the court agrees and therefore gives plaintiff ten (10) days to file a properly signed amended complaint. See Fed. R. Civ. P. 11(a).

CONCLUSION

Defendant's renewed motion to dismiss (doc. 23) is denied, however, plaintiff has ten (10) days from the date of this Order to properly sign and file his amended complaint.

Plaintiff's request for discovery (docs. 25) is denied as premature. The defendant has indicated to this court and plaintiff that it fully intends to cooperate with discovery. The court finds no need to interfere in the parties' discovery process at this juncture.

IT IS SO ORDERED.

Dated this _26_ day of March 2006.

_Ann Aiken_
Ann Aiken
United States District Judge

Page 10 - OPINION AND ORDER